# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**COREY MARCELLUS JETER**                                                    **PETITIONER**

**v.**                                              **CIVIL ACTION NO. 3:17-CV-P331-JHM**

**MARK BOLTON et al.**                                                      **RESPONDENTS**

## MEMORANDUM OPINION

Petitioner, Corey Marcellus Jeter, a state pretrial detainee, filed this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus (DN 1). He asserted that his right to be represented by counsel has been violated because he was arraigned without his court-appointed attorney and argues that he is being unlawfully detained by the Commonwealth of Kentucky after he accumulated $10,000 of bail credit.

Petitioner stated in his petition that he had exhausted all available remedies by "fil[ing] grievance," but did not say that he has exhausted his available state court remedies. While the protection against unreasonable bail may be a special circumstance that might warrant pre-conviction habeas corpus intervention by a federal court, "a state petitioner who alleges excessive bail . . . must still exhaust all of his state court remedies before federal habeas intervention is warranted." *Hairston v. Franklin Cty. Court of Common Pleas*, No. 2:17-CV-00353, 2017 WL 2628236, at *2 (S.D. Ohio June 16, 2017) (citing *Atkins v. People of State of Mich.*, 644 F.2d 543, 549 (6th Cir. 1981), report and recommendation adopted, No. 2:17-CV-00353, 2017 WL 2972151 (S.D. Ohio July 12, 2017).

Accordingly, the Court ordered that Petitioner show cause whether he has exhausted available state court remedies and whether special circumstances exist to warrant federal intervention.

Petitioner has responded.  In response to whether he has exhausted his state-court remedies, he attaches the Kentucky Court of Appeals' decision on appeal from the Jefferson Circuit Court which affirmed the Jefferson Circuit Court's denial of his motion to reduce the amount of his pretrial bond.  However, a review of the Kentucky courts website, Kycourts.net, reveals that the Kentucky Supreme Court has granted discretionary review and Petitioner's appeal to the Kentucky Supreme Court is pending.  *Jeter v. Commonwealth*, No. 2017-SC-000232.  Therefore, Petitioner has not yet exhausted all of his state court remedies.  Therefore, the instant petition will be dismissed without prejudice for failure to exhaust.  *See Lawson v. Dotson*, No. 3:11CV-P384-H, 2014 WL 186868, at *3 (W.D. Ky. Jan. 15, 2014) (finding that filing a habeas petition would be frivolous for failure to exhaust where the Kentucky Supreme Court granted but had not yet concluded discretionary review).

Date: September 29, 2017

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Petitioner, *pro se*
Respondent
Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
  1024 Capital Center Drive, Frankfort, KY 40601
4414.009